# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCOTT E. GRANDI

## DEFENDANTS
SHARP PACKAGING SERVICES, LLC f/k/a SHARP CORPORATION

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Holly W. Smith, Esq., Console Mattiacci Law (Phil.)
1525 Locust Street
9th Floor

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 623 et seq. and 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was discriminated against based on his age in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/02/2026
SIGNATURE OF ATTORNEY OF RECORD: /s/ Holly Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SCOTT E. GRANDI | : | CIVIL ACTION |
| v. | : | |
| SHARP PACKAGING SERVICES, LLC f/k/a SHARP CORPORATION | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 03/02/2026 | *Holly Smith* | Plaintiff, Scott Grandi |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 827-5101 | hollysmith@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: Allentown, PA

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT E. GRANDI<br>Northampton, PA 18067<br><br>*Plaintiff*,<br><br>v.<br><br>SHARP PACKAGING SERVICES, LLC<br>f/k/a SHARP CORPORATION<br>23 Carland Road<br>Conshohocken, PA 19428<br><br>*Defendant*. | JURY TRIAL DEMANDED<br><br><br>CIVIL ACTION NO.: |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Scott Grandi, brings this action against his former employer, Sharp Packaging Services, LLC f/k/a Sharp Corporation ("Defendant"), for discriminating against Plaintiff based upon his age. After more than fourteen years of exemplary service, Defendant terminated Plaintiff's employment at the age of sixty-three (63) citing that he did not "fit the new company culture." Following his termination, Plaintiff's job duties were reassigned to substantially younger and less qualified employees.

Defendant's actions violate the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"). Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

1

## II. PARTIES

1. Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff was born in 1960. Plaintiff is currently sixty-five (65) years of age. Plaintiff was sixty-three (63) years of age at the time that Defendant terminated his employment.

4. Defendant is a company organized under the laws of the State of Pennsylvania.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6. Defendant maintains and operates offices within the Eastern District of Pennsylvania judicial district, including offices located at 23 Carland Road, Conshohocken, PA 19428 and 7451 Keebler Way, Allentown, PA 18106.

7. At all relevant times, Plaintiff worked from Defendant's business offices in Allentown, Pennsylvania.

8. At all relevant times, Defendant employed twenty (20) or more employees.

9. At all relevant times, Defendant acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

10. At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

11. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

12. The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

13. This Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

14. This Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

15. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

16. On or about October 16, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of age discrimination. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's PHRC complaint (with personal identifying information redacted).

17. On or about December 3, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's EEOC charge. Attached hereto as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

18. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.   **FACTUAL ALLEGATIONS**

19. Plaintiff was hired by Defendant on or about October 12, 2009.

20. Plaintiff had more than fourteen (14) years of service at Defendant.

21. Plaintiff was age sixty-three (63) at the time of his termination.

22. Plaintiff consistently performed his job duties in a highly competent manner.

23. Plaintiff last held the position of Head of Operations (Building 1 and 2).

24. Plaintiff last reported to Hal Lewis (61)1, Vice President/General Manager who, in turn, reported to Michael Moes (42), Senior Vice President.

25. Prior to reporting to Lewis, Plaintiff reported to Michael DiAngelo (63), Vice President.

26. In or around January 2022, Plaintiff began reporting to Lewis.

27. In or around February 2022, Defendant hired Moes into the role of Senior Vice President and DiAngelo, who had been with the company for more than a decade, began reporting to him.

28. In hiring Moes into the Senior Vice President role, Defendant passed DiAngelo, who was significantly older than Moes and more qualified for the position, over for promotion.

29. Shortly after Moes' hire, DiAngelo was forced out of the company and retired from Defendant.

30. After Moes was hired by Defendant, he became Plaintiff's second-level supervisor.

31. Neither Lewis nor Moes had any role in Plaintiff being hired at Defendant.

32. When Moes was hired, he was touted by Defendant as a "change agent" who would "change the culture" of the company.

33. Since Moes' hire, many older employees have left Defendant and been replaced by younger employees.

34. By way of example, in or around September 2022, John Caggiano (60), Head of Technical Services, was forced out of Defendant after 38 years of service. Caggiano was replaced by Ryan Cramer (40).

---

[1] All ages herein are approximations.

35. Prior to Moes being hired, Plaintiff did not have any disciplinary and/or performance issues at Defendant.

36. Throughout Plaintiff's employment at Defendant, Plaintiff received overwhelmingly positive performance appraisals and expansion of his duties.

37. In 2012, after being nominated for the role by Defendant's then-President George Burke, Plaintiff accepted a temporary assignment to lead the production line at Enestia, a Belgian company which had just been purchased by Defendant. As a result, for 6 months in 2012, 6 months in 2013, and 2 months in 2014, Plaintiff travelled to Belgium and ran the production line at Defendant's newly acquired facility.

38. In 2013, as a result of Plaintiff's work at the Enestia facility, Plaintiff received Sharp's presidential bonus.

39. In summer 2023, Plaintiff was informed by Lewis that Plaintiff would be assuming responsibility for Building 2 in addition to Building 1 which Plaintiff was already overseeing. As a result of this change, which Lewis and Moes both described as a lateral move, Plaintiff's job responsibilities nearly doubled.

40. In or around December 2023, Plaintiff received an Exceeds Expectations performance rating on his annual review and a merit salary increase.

41. In or around late-2023, during a meeting, Lewis asked Plaintiff about his retirement plans. During this conversation, Plaintiff told Lewis that Plaintiff planned to work until Plaintiff was at least 65 years old. In response, Lewis stated words to the effect of "you're better than me - I plan to be out of here by the time I'm 64."

42. On or about July 22, 2024, during a meeting with Lewis and Anthony Trentalange (42), Director of Human Resources, Defendant terminated Plaintiff's employment, effective

5

immediately. The stated reason for Plaintiff's termination was that Plaintiff did not "fit the new company culture." Plaintiff understood this comment to be a reference to his age. Plaintiff was specifically told during his termination meeting that his termination was not performance-based.

43. Defendant's stated reason for terminating Plaintiff's employment is false and pretextual.

44. Defendant terminated Plaintiff's employment because of Plaintiff's age.

45. Before Plaintiff's termination meeting, Plaintiff had no indication that his job was in jeopardy.

46. Plaintiff was the only employee who was notified of termination on July 22, 2024.

47. Plaintiff had no opportunity or option to remain employed at Defendant.

48. Defendant retained substantially younger employees in positions for which Plaintiff was more qualified when Plaintiff was terminated.

49. At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, reported to Lewis:

    a. Sharon Weaver (60), Head of Operations (Building 4)

    b. Colin Riley (36), Second Shift Operations Manager

    c. Christopher Reese (35), Third Shift Operations Manager

50. Plaintiff was qualified, if not more qualified, to perform each of these three (3) employees' positions.

51. Following Plaintiff's termination, Defendant promoted Riley, who is substantially younger than Plaintiff and whose work Plaintiff had previously supervised, to the rank of Head of Operations.

52. In turn, following Plaintiff's termination, Reese assumed the role of Second Shift Operations Manager and Defendant promoted Juan Ramos (25), Production Supervisor, who is substantially younger than Plaintiff, to the rank of Third Shift Operations Manager.

53. Around the time of Plaintiff's termination, Defendant terminated other older employees, including, without limitation, Barry Keister (62), Validation Manager.

54. Defendant's comments and conduct evidence a bias against older employees.

55. Defendant's age discrimination against Plaintiff has caused Plaintiff emotional distress.

56. Defendant treated substantially younger employees more favorably than they treated Plaintiff.

57. By way of example, other similarly-situated younger employees were not terminated for false and pretextual reasons.

58. Plaintiff's age was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including without limitation, in connection with his termination.

59. Defendant's comments and conduct evidence a pattern and practice of bias against older employees.

60. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

61. Defendant's age discriminatory conduct towards Plaintiff was willful, warranting the imposition of liquidated damages.

62. No previous application has been made for the relief requested herein.

## **COUNT I - ADEA**

63. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

64. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

65. Defendant's conduct, as set forth above, was willful and warrants the imposition of liquidated damages under the ADEA.

66. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered damages and losses including lost earnings, loss of earning capacity, loss of benefits, emotional distress, pain and suffering, humiliation, and has incurred attorneys' fees and costs.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless this Court grants the relief requested herein.

68. No previous application has been made for the relief requested herein.

## **COUNT II - PHRA**

69. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

70. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PHRA.

71. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless this Court grants the relief requested herein.

73. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

    a. declaring the acts and practices complained of herein to be in violation of the ADEA;

    b. declaring the acts and practices complained of herein to be in violation of the PHRA;

    c. enjoining and permanently restraining the violations alleged herein;

    d. entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

    e. awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, earning capacity, and benefits, which Plaintiff has suffered and will continue to suffer as a result of Defendant's unlawful conduct;

    f. awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional distress, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered and will continue to suffer as a result of Defendant's unlawful conduct;

    g. awarding liquidated damages to Plaintiff under the ADEA;

  h. awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

  i. awarding Plaintiff the costs of suit and reasonable attorneys' fees;

  j. granting such other equitable relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

          Respectfully submitted,

          **CONSOLE MATTIACCI LAW LLC**

      By: */s/ Holly W. Smith*
         HOLLY W. SMITH, ESQ.
         1525 Locust Street, 9th Floor
         Philadelphia, PA 19102
         Phone: (215) 545-7676
         hollysmith@consolelaw.com

Dated: 3/2/2026       *Attorney for Plaintiff, Scott Grandi*